## CLARK *v.* HIBBLER.

[69 South. 220.]

TAXATION. *Deed. Clerical error. Proceedings to correct.*
    Under Code 1906, section 2771, providing that, if any tax collector
    shall fail to make a conveyance of land sold for taxes, the board
    of supervisors, on petition, may order his successor in office to
    make a conveyance; where a tax deed which erroneously recited
    that a sale was made on March 4, 1906, instead of the correct
    date March 4, 1907, for the taxes of 1906, it cannot be reformed
    or validated by an *ex parte* proceeding before the board of super-
    visors, the section of the code having no application to such a
    case, since in that instance the tax collector did not "fail to
    make a conveyance."

APPEAL from the chancery court of Jackson county.
HON. J. M. STEVENS, Chancellor.

Suit by T. G. Hibbler against W. R. Clark. From a decree overruling a demurrer to the bill of complaint, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. D. Bullard,* for appellant.

The question involved in this appeal is the validity of the action of the board of supervisors of Jackson county at the April Term, 1912, in ordering the sheriff of Jackson county to make "valid" deed to complainant and the validity of the deed made by the sheriff in persuance of said order on April 16, 1912.

The complainant admits that the deed made by the tax collector at the tax sale is invalid, or that the errors in the deed invalidated it, and he is standing on the order of the board of supervisors and the sheriff's deed made in compliance therewith.

Under section 2771, Code 1906, the board of supervisors had no authority to order the sheriff to make

complainant a deed to the land which he claims in this suit, and the order made by the board is void, and the deed made by the sheriff in compliance with said order is also void.  Neither section 2771 nor any other law authorizes such a procedure.  The law relied on by com-plainant and quoted by him in his bill and amended bill applies only where no deed was originally made, that is, "in case any tax collector should fail to make a con-veyance of any land sold by him for taxes of any kind during his continuance in office," then the board of su-pervisors may order his successor to make the deed that was never made before.  If the board of supervisors could order the sheriff to make a deed correcting the dates in a void tax deed, then the same board could order the sheriff to make a "valid" deed and change the description of the land from the southwest quarter to the northwest quarter, and correct all the defects in tax deeds.  Such a procedure would vest the board of supervisors with more power than the supreme court has.

The board of supervisors can do valid acts only as empowered by law, *Howe* v. *State,* 53 Miss. 57; *Board Sup. Monroe Co.* v. *Strong,* 78 Miss. 565.  The powers and jurisdiction of boards of supervisors are special and limited, and must be executed strictly according to the statute conferring them: *Ballard* v. *Davis,* 31 Miss. 525. In this case three levee commissioners were empowered to locate a levee and report to the board of supervisors, only two commissioners, acted in making the location, the third discussed the matter with the two and ac-quiesced in the report.  The court held the action void for the reason the law was not strictly complied with.

In *Jefferson County* v. *Grafton,* 74 Miss. 435, 21 So. 247, the supreme court held that the course of judicial decisions of this state holds boards of supervisors to the strict limitations of their powers.  The court cites the case of *West Carroll Parish* v. *Gaddis,* 31 La. Ann. 928,

and adopts the language of the Louisiana court, saying that the board has no life, no attribute, no power, no right, no obligation, but such as have been conferred or imposed on them.

There is a long line of decisions in Mississippi and in other states, as well as text authority, to the same tenor as the decisions on so clear a principle of law.

*T. G. Hibbler,* for appellee.

Appellee submits that he was entitled under the law to a deed which would convey a valid title to him, as all conditions subsequent and precedent to a valid sale had been complied with, except the receipt of a valid deed therefor, and instead of a valid deed he received a void instrument, a nullity, nothing, and that he was entitled to a deed therefor under section 271, of the Mississippi Code of 1906.

Judge CALHOUN in the case of *Pattison* v. *Harvey,* 81 Miss. 348, 33 So. 941, uses the following language, which appeals to us as being most pertinent to this case, and conclusive as to the point here involved: "And with the further fact that if the deed be void, a good one may yet be made by virtue of section 2442, how vain it would be, in case of proper description of land, duly assessed, and not paid on by the careless owner, and properly sold, to hold the conveyance void for want of conformity to a directory requirement, where the constitutional requirement of assessment is duly observed, and the owner is delinquent in the payment of taxes" *et seq.*

This was merely a clerical error in stating the year 1906, instead of the year 1907, the record of this sale appearing in the record book of tax sales of Jackson county, Mississippi for the year 1907, and the proof being conclusive and not denied, that the sale was for the year 1907. This error, however, invalidated the deed, made it nothing, no instrument at all, and manifestly this is the kind of error section 2771 is designed to remedy.

COOK, J., delivered the opinion of the court.

Appellee, T. G. Hibbler, filed his bill of complaint in the chancery court of Jackson county praying that the court confirm his tax title to certain described lands. Without going into the course of the pleadings, it is sufficient to say that the cause is here for review upon an appeal of the defendant in the court below from a decree of the court overruling his demurrer to the bill of complaint.

The case made by the bill is about this: Complainant bought the lands described at a tax sale, regularly made, on the day fixed by law, March 4, 1907, for taxes unpaid for the fiscal year 1906. The tax collector inadvertently and by a clerical error recited in his deed that the sale was made on the 4th day of March, 1906, for the taxes assessed thereon for the year 1906. The officers charged with that duty delivered the deed executed by the tax collector to complainant, and complainant refused to accept same, because he was advised that the erroneous recital in the deed rendered same invalid.

In the meantime the term of office of the tax collector who made the sale and executed the deed had expired. Whereupon the bill alleges that complainant filed his petition with the board of supervisors, under section 2771 of the Code of 1906, reciting the facts above stated, and made proof of the purchase of the land and the payment of the money to the tax collector. The board of supervisors directed the successor of the tax collector who made the sale to execute a proper deed to complainant, which was accordingly done. Upon the last-named deed the chancery court was asked to confirm his tax title. The chancellor erred in overruling the demurrer of appellant to this bill of complaint.

It seems clear to us that section 2771 of the Code has no application to the facts of this case. The tax collector in this instance did not "fail to make a conveyance." A conveyance was made which was ineffectual.

This deed cannot be reformed, nor can it be validated by an ex parte proceeding before the board of supervisors. The statute will not be enlarged to cover cases not coming within its terms.

The judgment of the court below is reversed, and the bill dismissed.

*Reversed and dismissed.*